UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN A. WARREN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-314 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PEOPLE OF THE STATE OF ) | |
| MICHIGAN, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

      Brian Warren is serving a nonparolable life sentence for first-degree, felony murder. He is serving concurrent sentences of 30-to-60 years for kidnapping and first-degree criminal sexual conduct. These sentences were imposed in the Calhoun County, Michigan, Circuit Court on October 16, 1995. Mr. Warren has now filed a notice of removal of state criminal prosecution, purportedly pursuant to 28 U.S.C. § 1442a. That statute allows a member of the Armed Forces to remove a criminal prosecution brought on account of an act done under color of his officer status or in respect to which he claims any right, title or authority under United States law. The statute allows removal "at any time before the trial or final hearing." Mr. Warren's notice of removal alleges that he was a member of the Armed Forces, but he does not assert that he held this status at the time of the prosecution or that the conduct for which he was prosecuted was done under color of his office or pursuant to federal authority.

When a criminal case is removed from the state courts, the federal district court has the authority to take notice of and determine the presence or absence of jurisdiction on its own motion. The Removal Act directs the district court to examine the removal notice promptly. The Act continues: "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). After examining the notice of removal and all attachments, this court concludes that it lacks subject-matter jurisdiction over the removed criminal case.

Mr. Warren's attempt to remove a criminal proceeding ten years after the entry of judgment is indisputably meritless, on two separate grounds. First, the notice comes a decade too late. The statute invoked by Mr. Warren, 28 U.S.C. § 1442a, allows removal only before trial or final hearing. The Calhoun County Circuit Court docket sheet provided by Mr. Warren clearly indicates that trial and sentencing took place a decade ago. Second, the notice does not allege that, at the time of the conduct giving rise to the prosecution, Mr. Warren was acting under color of his office or pursuant to any right, title or authority granted to him as a member of the Armed Forces by laws of the United States.[1] The mere fact that Mr. Warren may have served in the Armed Forces at some earlier date is not a ground for removal.

Mr. Warren has filed numerous, frivolous actions in this court. He now has a purported habeas corpus action pending, challenging the same convictions. *See Warren v. People of State of Michigan*, 1:05-cv-256. Three previous actions have been dismissed as frivolous or for

---

[1] In *People v. Warren*, 615 N.W.2d 691, 692-94 (Mich. 2000), the Michigan Supreme Court examined Mr. Warren's offending conduct in detail, and those facts need not be repeated herein. Suffice it to say that Mr. Warren's murder of his mother-in-law and rape of his wife could not possibly have been done under color of federal office.

failure to state a claim.  Mr. Warren is warned that any future filings deemed to be frivolous may result in the imposition of sanctions against him, including restrictions against his ability to burden the court with future meritless lawsuits.

The court will enter an order dismissing the notice of removal for lack of jurisdiction.


Date:     May 9, 2005             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT  JUDGE